## PRIESTLEY *v.* MONTAGUE.

*(Circuit Court, E. D. Pennsylvania.   May 8, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—RIBBED FABRICS
      A specification of letters patent No. 312,220, defined the invention as a fabric ribbed on both faces; the ribs on both faces being formed of one and the same set of body warps, and showed throughout that the object of complainant's invention was to make the fabric ribbed and figures on both faces; ribbed and mottled fabrics were old.   *Held*, the words "set of body warps" signify all the warps of that description upon the beam; and a fabric consisting of facing warps lying outside stuffing wefts, and forming ridges on opposite sides of these stuffing wefts, the ridges and depressions being opposite to each other, is an infringement.

2. SAME—JOINT INVENTION—PRESUMPTION.
      One of two joint patentees whose testimony in chief related to a different subject, testified on cross-examination, that he simply told his co-patentee "to make the carpet the same on both sides." *Held* insufficient evidence to overcome the presumption of the patent that the invention was joint.

Bill in equity to enjoin infringement of patent, No. 312,220, for ribbed fabrics.     Defendant's fabric consisted of facing warps lying on opposite sides of two picks of stuffing wefts and forming ridges on opposite sides of these stuffing wefts, and binder wefts exterior to the facing warps, running in the grooves between the ridges and bound down therein by binding warps, which were held ·in position by binding wefts, two picks of the stuffer weft alternative with two picks of the binder weft.

*Shoemaker Leonard R. Fletcher* and *Furman Sheppard*, for complainant.
*Strawbridge & Taylor*, for respondent.

BUTLER, J.   The complainant's patent is for an improvement in carpets, etc., the fabric being ribbed and figured on both faces.   The specifications say:

"In our improved fabric the body warps and filling wefts for the ribs are combined with binder warps and binder wefts in such manner that a fabric is produced which is ribbed on both faces, with the ribs on the one face opposite to the grooves between the ribs on the other face, the ribs on both faces being formed by one and the same set of body warps.   It is this feature which

characterizes our invention. The binder wefts serve to define the ribs and to hold them in place, and the binder warps, in addition to their function as binders, serve to determine on which of the two faces of the fabric the ribs shall appear, the ribs being always on that face of the fabric opposite to the binder warps."

The specifications, considered throughout, show quite distinctly that the object of complainant's invention was the construction of a carpet, or other fabric, ribbed and figured on both faces,—the figures being produced by the method of weaving as described. Such a fabric had not previously been constructed. Ribbed and mottled fabrics are old; but they have no material resemblance to the complainant's manufacture. Construing the claim of the patent in conformity with this view, there is no room we believe to doubt its novelty,—that the claim, read in connection with the specifications, will bear this construction, is, in our judgment, quite clear. The language "the ribs on both faces being formed by one and the same set of body warps,"—which has given rise to this controversy,—might doubtless be construed as the respondent construes it, if severed from its proper connection, with other language of the specification. When read in this connection, however, and especially in view of the inventor's object, (the construction of a fabric ribbed and figured on both faces by the method of weaving,) it will not bear any other than the one before suggested. The fabric described could not be woven according to the patent, with a different construction of this language. Evidently a "set of body-warps," as the expression is here employed signifies all the warps of that description upon the beam; and the other language above quoted in this connection, signifies that the threads of this set of warps, manipulated by the jaquard so as to be used interchangeably on either side of the fabric, serve to form both faces, and to make them correspond in figure and in all other respects. Any other construction would do violence to the manifest intention of the inventors, in using the language, and would defeat their object by rendering the patent valueless. The defense that Priestley and Kunkler were not joint inventors, should not be sustained in the absence of unquestionable proof that it is well founded. Such defenses are purely technical and should not be favored. The only evidence appealed to was obtained irregularly, by the cross-examination of Mr. Priestley, whose testimony in chief related to a different subject. It was objected to at the time, and the court is now asked to strike it out. Possibly we should do so. Allowing it to stand, however, it is insufficient to overcome the presumption arising from the joint application and the patent. It is meager and indefinite, or, rather, equivocal. He says he and Kunkler invented the fabric jointly, but further says he simply told Kunkler "to make the carpet the same on both sides." What does this last expression mean? The witness was not asked. Evidently he has not given us all that transpired between him and Kunkler on the subject. What had taken place? How far had they proceeded when he told Kunkler to make it the same on both sides? Certainly it would be unsafe to overturn the patent upon such evidence. The respondent's fabric com-

plained of is identical with the complainant's in appearance, is substantially so in construction, and in our judgment is manufactured by adopting the essential features of the complainant's invention. We have said enough to indicate the grounds of our decision, and it would be unprofitable to enlarge upon the subject. A decree must be entered for the complainant.